GEORGE SPALT & SONS, INC. *vs.* LUIGI MAIELLO.

APRIL 13, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Pleading. Contracts.*

Where parties had left some of the terms of the contract to be agreed upon in the future, there had been no meeting of minds upon the entire contract and no recovery can be had under a count in special assumpsit.

*(2) Contracts Implied in Fact.*

Where one makes no express contract covering the subject matter but requests an expenditure of money or the performance of services and the request is made under such circumstances that a reasonable person would assume that the person making the request expected and intended to pay for such expenditure or service there is an implied promise to pay for the reasonable cost of such expenditure or service. Such a contract is one implied in fact in distinction to one implied in law.

*(3) Contracts Implied in Fact.*

Where an offerer makes no express contract but requests an expenditure of money or the performance of services and offeree by commencing the work accepts the offer, the offerer is bound to pay for the reasonable cost of work performed in accordance with the request, even although the work through no fault of the offeree is of no value to offerer.

ASSUMPSIT. Heard on exceptions of defendant and overruled.

RATHBUN, J. This is an action in assumpsit. The trial in the Superior Court resulted in a verdict for the plaintiff for $1,818 and the case is before us on the defendant's exceptions (1) to the denial of his motion to direct a verdict in his favor; (2) to the denial of his motion for a new trial.

On January 24, 1922, the defendant signed an order for the plaintiff to manufacture and install certain fixtures for

the defendant's drug store; the price was fixed at $9,200. but it appears that the parties had not reached an agreement as to when payment should be made. The order contained the phrase: "Payments to be decided later." It also appears from the order that the plaintiff was expected to submit for defendant's approval certain drawings and specifications of some of the fixtures. The order as given was duly accepted. On February 10, 1922, the defendant wrote the plaintiff relative to the order saying: "I have changed my mind about it and you can cancel my order as far as you have gone."

The declaration contains the common counts and also a count in special assumpsit, based on said order and acceptance. Said count was drawn on the theory that acceptance of the order constituted a complete contract for the breach of which the defendant was liable. It appearing that the parties had left some of the terms of the contract to be agreed upon in the future, and hence that their minds had not met upon all of the terms of the contract, the trial justice ruled that there could be no recovery on the count in special assumpsit. The correctness of the ruling is not questioned. The main issue of fact in the case as submitted to the jury was whether the defendant, at the time he signed the order, requested the plaintiff to commence the work immediately. The defendant testified that he did not. The plaintiff's salesman who took the order testified that the defendant being anxious to get an early delivery of the fixtures requested him to have the work commenced at once. The witnesses for the plaintiff testified that the plaintiff acted upon this request and that before the letter directing the cancellation of the order was received they had performed considerable preliminary work and a large amount of labor in cutting and otherwise preparing stock to be used in the manufacture of these fixtures; that when said letter was received they salvaged for the defendant's benefit from the results of the plaintiff's work everything which had a value. They testified that certain articles which were com-

pleted were sold and no charge was made for their manufacture; that considerable stock which was cut up for this particular job was not useful for any other and that both the stock and the labor expended thereon were a total loss. Mr. Spalt produced the plaintiff's books and testified that the plaintiff's net loss was $1,847.74. Defendant offered no testimony relative to the amount of the plaintiff's damage. The jury returned a verdict for $1,818. The trial justice by denying defendant's motion for a new trial approved the verdict.

Whether the defendant requested the plaintiff to commence the work, and thereby impliedly promised to pay for the same, was a question of fact for the jury. Their finding upon this question was in the affirmative, and we are of the opinion that the evidence warrants that finding and also the finding as to the amount of the plaintiff's damage.

The defendant's main contention is that, the parties having failed in their attempt to make an express contract, he is not liable because no benefits were conferred upon him.

The plaintiff is relying upon a contract implied in fact and not upon one implied by law, called a quasi contract or contract implied in law. In the latter case the law in effect creates a contract or rather creates an obligation, which may be enforced by an action in assumpsit, to pay for benefits received even when the defendant never promised, either expressly or impliedly, to pay, and had no intention of promising to pay. The right to recover in such a case for benefits received by a defendant is sometimes called the doctrine of unjust enrichment. The defendant cites a number of cases holding that a plaintiff can not recover when no benefit is conferred upon the defendant by money expended or services performed under a contract not enforceable because of the Statute of Frauds. No criticism is suggested relative to the cases cited. In such cases the parties have made a contract which, because of the statute

can not be enforced, and the law does not raise a contract, or, in other words, actually create an obligation to pay. No obligation to pay exists in such a case, except where benefits have been received by the defendant. On the other hand, when a person makes no express contract covering (2) the subject matter, but requests an expenditure of money or the performance of services, and the request is made under such circumstances that a reasonable person would assume that the person making the request expected and intended to pay for such expenditure or service, the law says he has impliedly promised to pay for the reasonable cost of such expenditure or service. In such a case the parties have made the contract and the obligation is not created by law. The promise being implied, rather than express, the contract is termed an implied contract or a contract imposed in fact. "A contract implied in fact is a true contract, the agreement of the parties being inferred from the circumstances, while a contract implied in law is but a duty implied by law and treated as a contract for the purposes of a remedy only." 13 C. J. 240, 241, 243. See also 6 R. C. L. 587, 588; *Morse* v. *Kenney*, 87 Vt. 445.

In case before us the jury found that the defendant requested the plaintiff to commence the work before all of the details of the proposed contract were agreed upon. From the evidence they would have been warranted in finding, and they apparently found, that the defendant's request to commence the work immediately amounted to an offer to pay for the reasonable net cost of such work, in the event that the parties failed to agree upon all of the terms of the proposed contract, and that the plaintiff by commencing the work accepted the offer. It is elementary that an offerer, under such circumstances, is bound to pay (3) for the reasonable cost of work, performed in all respects in accordance with his request, even although the work, through no fault of the other party, is of no value to him.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*McGovern & Slattery, Fred B. Perkins, Frank H. Hammill,* for plaintiff.

*Pettine, Godfrey & Cambio,* for defendant.

